Hillsborough, }
June 6, 1911. }

JOHN H. PRAY & SONS CO. *v.* APPLEDORE LAND & BUILDING CO.

A contract whereby the owners of a hotel agree to allow their lessee a certain sum
    for equipment does not constitute the latter their agent to make the purchases,
    nor render them liable to his vendors therefor.

ASSUMPSIT, to recover for a lot of carpeting. Transferred from the January term, 1911, of the superior court by *Mitchell*, J., on the plaintiffs' exception to an order of nonsuit.

May 1, 1909, the defendants leased the hotel on Appledore Island to the Nunns Hotel Company for the term of three years. The latter company covenanted to "put the hotel in suitable condition and repair at the commencement of said term, both inside and out," and to furnish a new pump, and the defendants agreed to allow $325 "for said repairs and pump" out of the last instalment of the first year's rent. May 4, there was executed a supplementary agreement whereby the defendants were to allow the Hotel Company a further sum not to exceed $700, for the purpose of enabling the lessees "to fulfil said covenant contained in said

lease" and to purchase the necessary furnishing for the hotel, said sum to be paid upon presentation to the defendants of the original bills. The Hotel Company purchased the carpeting and directed that it be charged to the defendants; but when a bill was sent to the defendants, they returned it with a denial of their liability.

*Arthur S. Healy,* for the plaintiffs.

*Burnham, Brown, Jones & Warren,* for the defendants.

YOUNG, J. The question before the court is not whether the defendants may owe the Hotel Company, but whether the supplementary agreement made the Hotel Company the defendants' agents to equip and repair the hotel; in other words, the question is the intention of the parties as evidenced by that agreement. If the words they used are given their ordinary meaning, the Hotel Company were to put the hotel in complete repair inside and out; and when that was done, the defendants were to pay them $700 and allow them $325 more out of the last instalment of the first year's rent, provided the repairs and equipment cost as much as $1,025. As there is nothing to show that this was not the sense in which the words were used, the order must be,

*Judgment for the defendants.*

All concurred.